# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ZACHARY RAHMAN, an individual and CHRISTOPHER WRIGHT, an individual, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 14-CV-631-TCK-PJC<br>) |
| UNITED FORD SOUTH, L.L.C., d/b/a BILL KNIGHT FORD, | )<br>)<br>) |
| Defendant. | )<br>) |

## OPINION AND ORDER

Before the Court are Defendant's Motion to Sever Due to Misjoinder (Doc. 7) and Defendant's Motion to Dismiss the Claims of Plaintiff Christopher Wright (Doc. 18).

**I.    Background**

On October 19, 2014, Plaintiffs Zachary Rahman ("Rahman") and Christopher Wright ("Wright") (collectively, "Plaintiffs") filed a Complaint alleging employment discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq. ("Title VII"). Plaintiffs are African-American males who were hired by Defendant United Ford South, LLC, d/b/a Bill Knight Ford ("Bill Knight") in August 2012.[1] Plaintiffs worked in different positions but were both supervised by Bill Duensing ("Duensing"). Rahman alleges he began experiencing racial discrimination in June 2013 by Duensing, Donald Scott, and Jeff Olster. Wright alleges he began experiencing racial discrimination in August 2012 by the same individuals. Both Plaintiffs allege the discrimination continued until each resigned in 2013.

---

[1] The Amended Complaint alleges that both Plaintiffs were hired in August 2012. However, an affidavit attached to Bill Knight's Motion to Sever alleges that Wright was hired in October 2012. The Court has not considered Bill Knight's affidavit for purposes of ruling on the motion to sever.

## II.     Motion to Sever

Bill Knight requests the Court sever Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 21. Rule 21 permits – but does not require – a court to "sever any claim against any party" where parties have been joined in violation of Rule 20. Rule 20 allows permissive joinder of plaintiffs where:

> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1)(A)-(B). The purpose of Rule 20 is to "promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." 7 Charles Alan Wright, et al., *Federal Practice and Procedure* § 1652, at 395 (3d ed. 2001). A court has discretion to sever plaintiffs' claims where the objectives of Rule 20 are not met and joinder will result in prejudice, expense, or delay. *See id.* at 396. "[T]he impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties, and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

Joinder under Rule 20 first requires the claims to arise out of the same transaction or occurrence. Courts have found "transaction" to be "a word of flexible meaning. It may comprehend as a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *King Fisher Marine Serv., Inc. v. 21st Phoenix Corp.*, 893 F.2d 1155, 1162 (10th Cir. 1990) (citing *Moore v. N.Y. Cotton Exch.*, 270 U.S. 593, 610 (1926)).

2

Moreover, the majority of courts have found that allegations of a pattern and practice of discrimination are sufficient to satisfy the same transaction requirement of Rule 20(a). *See Biglow v. The Boeing Co.*, 201 F.R.D. 519, 520-21 (D. Kan. 2001) (collecting cases).

The second requirement of joinder is a common question of law or fact. "Not *all* questions of law or fact need be common; rather only *some* questions must be common." *Wagoner v. Pfizer, Inc.*, No. 07-1229-JTM, 2008 WL 2937249, at *2 (D. Kan. July 24, 2008) (emphasis in original) (citing *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)). Many courts have held that a common allegation of discriminatory conduct is sufficient to satisfy this requirement. *See Alexander v. Fulton Cnty.*, 207 F.3d 1303, 1325 (11th Cir. 2000) (collecting cases).

In this case, Plaintiffs allege the harassment they experienced was so "severe or pervasive" as to "alter[] the Plaintiffs' condition of employment" and that such harassment "evidence[ed]a pattern, practice and policy of discrimination" at Bill Knight. (Doc. 4 at ¶¶ 35-36.) Generally, the men allege that they were subjected to the same types of racially insensitive statements. Although the Plaintiffs held separate positions, they shared a supervisor and were employed by Bill Knight during roughly the same period of time. The Court finds these allegations sufficient to demonstrate that Plaintiffs' claims arise from the same transaction or occurrence and share at least some questions of law or fact. The requirements for joinder under Rule 20 are satisfied, and Bill Knight's Motion to Sever is denied.

Bill Knight additionally argues that joinder of Plaintiffs' claims will prejudice defendant. Specifically, Bill Knight claims Plaintiffs will improperly rely on each other's allegations to prove their individual claims. The Court finds such an argument unpersuasive. Such concerns may be adequately addressed by the Court through jury instructions.

3

**III.    Motion to Dismiss**

Bill Knight seeks dismissal of Wright's claims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that the Court lacks subject matter jurisdiction because Wright failed to satisfy the administrative prerequisites before filing suit.[2]

A.    *Standard of Review*

In reviewing a factual attack on subject matter jurisdiction, "a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (internal citations omitted).

B.    *Administrative Prerequisites*

A plaintiff must exhaust his administrative remedies as a jurisdictional prerequisite to filing a Title VII lawsuit in federal court. *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) ("Unlike many other circuits, we have held that a plaintiff's exhaustion of his or her administrative remedies is a jurisdictional prerequisite to suit under Title VII – not merely a condition precedent to suit."). To exhaust administrative remedies, a plaintiff must present his claim to the EEOC and receive a right to sue letter on that charge. *Richardson v. Rusty Eck Ford, Inc.*, No. 12-1313-KHV, 2013 WL 1704930, at *5 (D. Kan. Apr. 19, 2013). The charge "shall be in writing and signed and shall be verified." 29 C.F.R. § 1601.9. At a minimum, the charge must identify the parties and "describe generally the action or practices complained of." *Id.* § 1601.12(b). "The

---

[2] Bill Knight does not seek dismissal of Rahman's claims.

4

charge tells the EEOC . . . what to investigate, provides the opportunity to conciliate the claim and gives the charged party notice of the alleged violation." *Richardson*, 2013 WL 1704930, at *5 (citing *Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir. 2003)). Courts within the Tenth Circuit liberally construe charges filed with the EEOC in determining whether a plaintiff has exhausted his administrative remedies. *Jones v. United Parcel Serv., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007).

Bill Knight contends Wright failed to exhaust his administrative remedies because his Charge was too vague to provide adequate notice. The "particulars" section of Wright's Charge provides as follows:

> On or about August 2012, I was hired by the Respondent employer as a Lot Porter in the Service Department. Mr. Bill Duensing was my Immediate Supervisor. From the time I was hired until I was compelled to resign, I was repeatedly subjected to racial comments and remarks by Mr. Duensing, Mr. Donald Scott, and Mr. Jeff Ostler, all White Male Supervisors in the Service Department. This objectionable and offensive treatment had the effect of embarrassing, ridiculing, bothering, tormenting, and coercing me, along with the deliberate interference with my work performance that was designed to compel me to quit my job. I objected to this harassing conduct, but the Respondent made no effort to correct any of these conditions of employment.

(Charge of Discrimination, Doc. 28-1 ("Charge").) According to Bill Knight, Wright has not identified specific comments, incidents, or relevant dates in his Charge, even though Plaintiffs' Complaint contains specific allegations of harassing comments.

Bill Knight relies on *Pierson v. K.W. Brock Directories, Inc.*, No. 07-2588-CM, 2008 WL 2782755 (D. Kan. July 7, 2008) to support dismissal of Wright's claim. The charge at issue in *Pierson* contained only a generalized statement that the plaintiff "was sexually harassed at work" and did not provide the names of the employees who allegedly harassed the plaintiff or the date of such incident(s). *Id.* at *1. During the investigation, the plaintiff was asked to provide additional information but refused to do so. The *Pierson* court dismissed the plaintiff's claims, finding that her

5

charge was conclusory and contained no description of the action or practices complained of. *Id.* at *3.

The present case is distinguishable from *Pierson*. Here, Wright's charge identifies the parties, the relevant time period, and the general action or practices complained of (i.e., racial comments and remarks), as required by 29 C.F.R. § 1601.12(b). In his Charge, Wright alleged that he was a victim of racial discrimination by Duensing, Donald Scott, and Jeff Ostler from the time he was hired until his resignation. Although Wright certainly could have provided more detail regarding specific comments or incidents in his Charge, Wright is not required to do so. Construed liberally, the information provided is sufficient to allow the EEOC to conduct an investigation and to provide Bill Knight with adequate notice of Wright's claims. Bill Knight's Motion to Dismiss (Doc. 18) is denied.

**IV.   Conclusion**

Defendant Bill Knight's Motion to Sever Due to Misjoinder (Doc. 7) and Motion to Dismiss the Claims of Plaintiff Christopher Wright (Doc. 18) are DENIED. Bill Knight is directed to serve a responsive pleading to Wright's claims within 14 days from the date of this Opinion and Order in accordance with Rule 12(a)(4) of the Federal Rules of Civil Procedure.

**SO ORDERED THIS 7th day of May, 2015.**

_/s/ Terence C. Kern_

**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**